UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SOLBEY LORENA GALLARDO CARDENAS,

      *Petitioner*,

v.                                          Case No. 3:26-cv-363-JEP-MCR

KRISTI NOEM, et al.,

      *Respondents*.
_____/

## ORDER

Petitioner initiated this action through counsel by filing a verified petition for writ of habeas corpus under 28 U.S.C. § 2241 and complaint for emergency declaratory and injunctive relief, in which she challenges her "ongoing and unlawful detention." Doc. 1 at 3, ¶ 5. Petitioner alleges she is a citizen of Columbia who arrived in the United States at the Eagle Pass, Texas, port of entry in November 2023. *Id.* at 2, ¶ 1. Petitioner asserts that she "was permitted to remain in the United States pending her hearing date before an immigration judge." *Id.* She says she has an asylum application pending and was detained on January 9, 2026. *Id.* ¶¶ 1, 4. According to Petitioner, her detention under 8 U.S.C. § 1225—as opposed to § 1226—violates the Fifth and Fourteenth Amendments. *Id.* at 8–9, ¶ 27.

With her petition, Petitioner filed an emergency motion for temporary restraining order and preliminary injunctive relief (Doc. 2). Her motion repeats the allegations in his petition. As relief, she requests that the Court enjoin Respondents (collectively, "the Government") from transferring her or changing her custodial status, alleging the Government has "indicated an intent to transfer Petitioner to ICE [United States Immigration and Customs Enforcement] custody before this Court can adjudicate the legality of her prolonged detention." *Id.* at 5. Petitioner argues that if the Government transfers her outside of the Court's jurisdiction, it would frustrate the speedy resolution of this case and impede Petitioner's access to counsel. *Id.* at 9–10.

Injunctive relief "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

*Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

Petitioner has not carried her burden to demonstrate a substantial likelihood of success on the merits of her underlying claim—that her detention

under § 1225(b)(2)(A), which does not require a bond hearing, is unlawful. Although she cites decisions rejecting the Government's interpretation of the interplay between § 1225 and § 1226, *see* Doc. 1 at 7–8, ¶¶ 24, 25; Doc. 2 at 7–8, the undersigned has concluded the statutory language and context support the Government's position that an alien without lawful admission who has resided in the United States for some appreciable period of time is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Diaz Lopez v. Dir. of Enf't & Removal Operations*, No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at *1 (M.D. Fla. Jan. 26, 2026); *see also Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026) (likewise holding that § 1225(b)(2)(A) mandates detention of aliens who are present in the United States without having been admitted).[1] Moreover, that Petitioner alleges she has a pending asylum application does not change the analysis. *See Diaz Lopez*, 2026 WL 261938, at *2 (noting that certain applicants for admission are subject to mandatory detention even when seeking asylum). Similarly, Petitioner's allegation that ICE issued her a work permit does not entitle her

---

[1] To date, while numerous district courts have addressed the statutory interpretation question that Petitioner presents, only one court of appeals—the Fifth Circuit—has squarely done so. And in that recently issued opinion, the Fifth Circuit gave the same answer that this Court did in *Diaz Lopez*. Having reviewed the opinion, this Court deems highly persuasive the Fifth Circuit's dispassionate, carefully reasoned, and thorough analysis, which the court judiciously confined to the statutory text, structure, context, and history, without discussion of extraneous considerations. *See generally Buenrostro-Mendez*, 2026 WL 323330, at *1–10.

to relief, as the Government is not bound to its prior interpretation of the statutory scheme.[2] *See id.* at *11.

Because Petitioner has not shown a substantial likelihood of success on the merits of the underlying claim,[3] her motion will be denied.

Therefore, it is **ORDERED** and **ADJUDGED**:

1. Petitioner's motion (Doc. 2) is **DENIED**.

2. A separate order will enter directing service of the petition.

**DONE AND ORDERED** in Jacksonville, Florida, on February 23, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

---

[2] That the Government "permitted [Petitioner] to remain in the United States pending her hearing date before an immigration judge" also does not bind the Government to its prior interpretation. (Doc. 1 at 2, ¶ 1). This fact, as currently alleged, does not demonstrate that the Government granted Petitioner any legal authorization to be present in the United States so as to entitle her to the rights afforded under § 1226.

[3] Petitioner invokes the Due Process Clauses of the Fifth and Fourteenth Amendments in her petition, *see* Doc. 1 at 8–9, and appears to do the same in her motion, *see* Doc. 2 at 6–8, 10. However, the motion fails to show a substantial likelihood of success on the merits, as it presents no persuasive reason for the undersigned to depart from *Diaz Lopez*, which rejected a due process claim by a similarly situated petitioner. *See* 2026 WL 261938, at *12.